[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16082
Non-Argument Calendar

_____

D. C. Docket No. 05-20846-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN WILLIAMS, a.k.a. Stunna,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 10, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

The sole issue this appeal presents is whether the evidence was sufficient to

authorize the jury to convict appellant of conspiracy to possess with intent to distribute cocaine base ("crack cocaine"). We conclude that it was and therefore affirm his conviction.

In resolving the issue at hand, we view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor. United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). And, we must affirm unless we can conclude that the jury could not have found, under any reasonable construction of the evidence, the defendant's guilt beyond a reasonable doubt. Id.

Conspiracy requires proof beyond a reasonable doubt that: (1) "there existed an agreement between two or more persons" to commit the underlying crime; and (2) "the defendant knowingly and voluntarily participated in that agreement." United States v. Arbane, 446 F.3d 1223, 1228 (11th Cir. 2006). "A conspiracy may be inferred from a concert of action or from a development and collection of circumstances." United States v. Cooper, 873 F.2d 269, 272 (11th Cir. 1989). A defendant's participation in the charged conspiracy may be inferred where a defendant acts in furtherance of the conspiracy. His "mere presence" on the scene as the crime unfolds, however, will not, standing alone, support a conviction. United States v. Charles, 313 F.3d 1278, 1284 (11th Cir. 2002). In this case,

appellant claims that this is all the government established – his mere presence at the scene of a drug transaction. We disagree. The evidence showed much more than that.

The City of Miami Police Department ("MPD") and the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) were conducting a narcotics investigation in a Miami neighborhood, Overtown, and decided to conduct a controlled buy. They provided a confidential informant ("CI") with $1,300 in cash, a hidden microphone and a camera and sent him into the neighborhood. There, the CI encountered appellant, and placed an order with him for two ounces of crack cocaine. Appellant did not have that much crack on hand and told the CI that he would have to locate the necessary quantity. He said that would obtain two ounces of powder cocaine and that, together, they would cook it into crack. The CI agreed to the plan and gave appellant $1,300. Appellant took the money and left.

Later, the MPD detective monitoring the CI observed appellant and Andra McWhorter (appellant's charged coconspirator) exit an automobile in front of a supermarket. The CI approached the two men, and after the three men engaged in a brief conversation, appellant entered the automobile, retrieved a CD case, and handed the case to McWhorter. He, in turn, gave it to the CI. The CD case contained 31 grams of crack.

After the government rested, appellant put on his defense and took the stand. He admitted that he had accepted $1,300 from the CI and told the CI that he would find the drug quantity the CI had purchased. He contended, however, that he had no intention of carrying out his end of the bargain; rather, he intended to steal the $1,300. He admitted being acquainted with McWhorter, but denied delivering 31 grams of crack to the CI.

Appellant's own testimony sealed his doom. If the jury had any doubt as to whether appellant agreed to sell the CI crack cocaine, his testimony settled the matter. The jury simply did not believe him; it relied on his testimony in finding him guilty. "[A] statement by a defendant, if disbelieved by the jury, may be considered as <u>substantive evidence</u> of the defendant's guilt." <u>United States v. Brown</u>, 53 F.3d 312, 314 (11th Cir. 1995)(emphasis in the original).

In sum, the evidence of guilt in this case was overwhelming.

**AFFIRMED.**